RONALD V. JOHNSON, Lance Corporal,
U. S. Marine Corps, Petitioner

v

UNITED STATES;
THE JUDGE ADVOCATE GENERAL,
United States Navy;

and

COMMANDING OFFICER, U. S. Naval
Disciplinary Command, Portsmouth,
New Hampshire, Respondents

19 USCMA 407, 42 CMR 9

Miscellaneous Docket

No. 70–32

May 8, 1970

*Lieutenant Allen D. Black*, JAGC, USNR, counsel for Petitioner.
*Lieutenant Colonel Charles J. Keever*, USMC, and *Lieutenant Wayne E. Babler, Jr.*, JAGC, USNR, counsel for Respondents.

### Memorandum Opinion of the Court

This case has been here before, when accused's Petition for Review was considered and denied by the Court. United States v Johnson, 18 USCMA 646 (Docket No. 22,208), denied September 26, 1969. The sentence was ordered into execution, accused being confined in the Naval Disciplinary Command. Thereafter, accused petitioned the Judge Advocate General,

United States Navy, for a new trial on the basis of newly discovered evidence. On April 1, 1970, the Judge Advocate General granted a new trial. On the same date, the Commanding General, Marine Corps Base, Camp Butler, Okinawa, was designated as convening authority, and directed to determine whether the new trial was practicable. The Naval Disciplinary Command was informed of the Judge Advocate General's action and further advised that "ACTION TAKEN BY JAG DOES NOT AFFECT FINDINGS AND SENTENCE PREVIOUSLY ADJUDGED AND STATUS OF SUBJECT MAN REMAINS THAT OF A SENTENCED GCM PRISONER."

In view of the construction which the Judge Advocate General has placed on his action granting a new trial, accused now petitions this Court for a writ of habeas corpus or, in the alternative, for appropriate relief.[1] He contends that the effect of granting the new trial is to vacate the findings and sentence in his general court-martial and to prevent his being confined and treated as a sentenced prisoner. In response, the Government declares the Judge Advocate General is empowered only to order a new trial under Uniform Code of Military Justice, Article 73, 10 USC § 873; that the authority so to act does not extend to vacation of the sentence and restoration of rights and privileges; and that the latter authority is expressly vested by Code, supra, Article 74, 10 USC § 874, in the Secretary concerned. Moreover, declares the Government, even the Secretary's authority may not be exercised until after the new trial is actually held or the charges dismissed. Accordingly, it argues that the accused properly remains a sentenced prisoner until either a new trial is held or the charges are dismissed on the basis of the impracticability of a new hearing. We disagree, and hold that implicit in ordering a new trial is a change in the accused's status from sentenced prisoner to one awaiting retrial. Cf. United States v Nelson, 18 USCMA 177, 39 CMR 177 (1969).

"An order granting a new trial reopens the whole case, which then stands for trial de novo, and places the accused in the same position as if no trial had been had." 24 CJS, Criminal Law, § 1511. As stated in Salisbury v Grimes, 223 Ga 776, 158 SE2d 412 (1967), the grant of a new trial "wiped the slate clean as if no previous conviction and sentence had existed." See also Manor v Barry, 62 Ariz 122, 154 P2d 374 (1944), and 39 Am Jur, New Trial, § 204, wherein it is declared:

"An order directing a new trial has the effect of vacating the proceedings and leaving the case as though no trial had been had. The verdict and judgment are set aside, even though the order does not specifically mention either. The granting of the motion usually has the effect, ipso facto, of vacating the judgment."

To the same effect are United States v Ayres, 9 Wall 609 (U. S. 1870), and Carbonell v People of Porto Rico, 27 F2d 253 (CA 1st Cir) (1928).

We find no support either in the Articles of the Code or Manual provisions cited by the Government for the proposition which it advances, nor is our attention drawn to any authority for its contention that the original judgment and sentence remains in effect until the new trial is completed or the charges formally dismissed by the Secretary. To the contrary, Article 73, Code, supra, expressly states that if, as here, an accused's case is not pending before the Court of Military Review or this Court, "the Judge Advocate General shall act upon the petition." The fact that, under the provisions of paragraph 109, Manual for Courts-Martial, United States, 1951,

---

[1] Accused's petition for appropriate relief is cognizable here. United States v Frischholz, 16 USCMA 150, 36 CMR 306 (1966) ; Gale v United States, 17 USCMA 40, 37 CMR 304 (1967) ; Jones v Ignatius, 18 USCMA 7, 39 CMR 7 (1968) ; United States v Snyder, 18 USCMA 480, 40 CMR 192 (1969).

or paragraph 110, Manual for Courts-Martial, United States, 1969, the restoration of rights and privileges to an accused is to be formally embodied in a Secretarial order does not in one whit deprive the Judge Advocate General's action on the petition of its efficacy. It was to him and not to the Secretary concerned that Congress confided the responsibility of granting or denying petitions for new trial.

We conclude, therefore, that the grant of accused's petition had the effect of vacating the findings and sentence in his case and restoring him to the status of an unsentenced prisoner. So to hold, however, does not mean that he is, ipso facto, entitled to his freedom. Johnson remains charged with the serious offense of rape, and we leave to appropriate authorities below the determination whether he should remain in confinement pending disposition of the matter by new trial or dismissal of the charges. We simply point out the change in his condition is such that he can no longer be treated as one who stands convicted and sentenced by general court-martial. Cf. United States v Nelson, supra; Code, supra, Article 13, 10 USC § 813.

Accordingly, it is ordered that that portion of the Judge Advocate General's message, indicating that the petitioner is to be considered as one who stands convicted and sentenced by general court-martial, is incorrect and must be disregarded by those having accused in custody, and to that extent the petition for appropriate relief is granted.