BRONCO S. BELICHESKY, Private, U. S. Marine Corps,
Petitioner

v

GEORGE S. BOWMAN, JR., Major General, U. S. Marine Corps,
Commanding General, Commanding Marine Corps Base,
Camp Pendleton, California

and

J. H. MACLEAN, Lieutenant Colonel, U. S. Marine Corps, Convening
Authority, Commanding Staging Battalion, Marine
Corps Base, Camp Pendleton, California
Respondents

21 USCMA 146, 44 CMR 200

Miscellaneous Docket No. 71–36

January 7, 1972

*Captain R. O. Kellam*, JAGC, USN, *Lieutenant Thomas M. Geisler, Jr.*, JAGC, USNR, and *Lieutenant Stephen H. Hackerman*, JAGC, USNR, counsel for Petitioner.

*Commander Michael F. Fasanaro, Jr.*, JAGC, USN, and *Captain John P. Proctor*, USMCR, counsel for Respondents.

## Memorandum Opinion of the Court

Petitioner has filed a Petition for Extraordinary Relief under the provisions of 28 USC § 1651(a), and respondents have submitted their reply to this Court's Order to Show Cause.

The following factual basis for the action taken herein is found in the allegations set forth in the petition and in the Government response to our order to show cause. Since the parties agree upon all material portions, there is no occasion for resolving conflicts.

On September 23, 1969, petitioner was convicted by general court-martial of desertion, absence without leave, and escape from confinement, violations respectively of Articles 85, 86, and 95, Uniform Code of Military Justice, 10 USC §§ 885, 886, and 895. A sentence of dishonorable discharge, total forfeitures, and confinement at hard labor "not in excess of twelve months" was imposed.[1] Pursuant to a pretrial agreement, the convening authority suspended execution of the entire sentence for a period of one year from the date adjudged. On March 18, 1970, the Court of Military Review affirmed the sentence as suspended. Thereafter, personal service of its opinion was prevented by petitioner's absence, allegedly without leave. Constructive service in accordance with the procedures established by section 0133d(4), (a), Manual of the Judge Advocate General, Department of the Navy, was, therefore, effected.

Subsequent to the return of petitioner to Camp Pendleton, his unit commander requested that the Commanding General of the Marine Corps Base initiate proceedings to vacate the

---

[1] See United States v Ledlow, 11 USCMA 659, 29 CMR 475 (1960).

suspension and petitioner filed his petition in this Court seeking to prohibit further action thereon. His petition is premised on the allegation that the trial conducted on September 23, 1969, was before a military judge sitting alone upon petitioner's *oral* request. Since this Court held proceedings conducted on the basis of an oral request a nullity in United States v Dean, 20 USCMA 212, 43 CMR 52 (1970), petitioner declares the sentence which respondents contemplate ordering into execution is illegal and cannot serve as justification of his confinement.

Respondents take the position that since petitioner did not seek review by this Court of the decision of the Court of Military Review within the thirty-day period fixed by Article 67 (c), Uniform Code, supra, 10 USC § 867(c), the conviction is final under Article 76, Uniform Code, supra, 10 USC § 876. Moreover, say respondents, the *Dean* case upon which the petition is premised is not to be applied retroactively. Thus, it is argued, there is no basis for granting the relief requested, nor, indeed, does this Court have jurisdiction to entertain the present petition.

In Stovall v Denno, 388 US 293, 18 L Ed 2d 1199, 87 S Ct 1967 (1967), the Supreme Court of the United States laid down the yardstick by which questions of the retroactivity of new decisions will be measured. Briefly stated, that decision requires that we consider three factors: (1) the extent of reliance on the previous decisions; (2) the purpose to be served by the new decision; and (3) the extent of the disruptive effect that would follow the invalidating of the prior decisions.

The decision of the Court of Military Review in this case was announced March 18, 1970. It concluded that although proceeding to trial on the basis of the oral request was error, that error was harmless. This conclusion was based on United States v Pitre, NCM 69–3677, decided by the United States Navy Court of Military Review, sitting en banc, February 27, 1970, 41 CMR 811. The latter opinion was announced six months after the effective date of the Military Justice Act of 1968,[2] which amended Article 16, Uniform Code, supra, 10 USC § 816, by permitting trial by military judge alone

". . . if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests in writing a court composed only of a military judge and the military judge approves. . . ."

Our decision in *Dean* was announced December 18, 1970, sixteen months after the effective date of said Military Justice Act, and less than ten months after *Pitre*. From this it appears that the *Pitre* case cannot be considered a fixture of military law. Neither the second nor the third considerations required by Stovall v Denno, supra, need be more fully explored here. Failure to assess the jurisdictional nature of Article 16, as amended, particularly when the vast majority of convening authorities have experienced no such difficulty, and the brevity of the isolated view's existence, foreclose the possibility of applying the *Dean* decision only on a prospective basis. We hold, therefore, that United States v Dean, supra, is effective from August 1, 1969, the effective date of the Military Justice Act of 1968, supra. See Maze v United States Army Court of Military Review, 20 USCMA 599, 44 CMR 29 (1971).

We turn now to consider this Court's jurisdiction in the premises.

It is at once apparent that the military judge before whom petitioner was tried, convicted, and sentenced had no power so to act. United States v Dean, supra. Thus, the sentence now sought to be carried into execution was, in fact and in law, a nullity when initially adjudged. Respondents' position, however, is that despite its orig-

[2] Act of October 24, 1968, Public Law 90–632, 82 Stat 1335.

inal ineffectiveness, a combination of the passage of time and the failure of petitioner to seek direct review of the proceedings in this Court, will now permit the convening authority to exact the penalty assigned to petitioner's offenses.

Article 67(c), Uniform Code, supra, 10 USC § 867(c), provides that an accused shall have thirty days from the time he is notified of the decision of a Court of Military Review to petition this Court. Failure of an accused to seek review of his conviction within the time limits established by Article 67(c) ordinarily forecloses his appellate rights. United States v Ponds, 1 USCMA 385, 3 CMR 119 (1952); moreover, such a failure generally terminates this Court's jurisdiction as well, United States v Brown, 19 USCMA 629 (1970); Enzor v United States, 20 USCMA 257, 43 CMR 97 (1971). Since petitioner was apparently absent without leave during the period fixed for petitioning this Court, it is manifest that no good cause sufficient to relieve him from the default resulting from his failure to seek further direct review has been shown. United States v Brown, supra.

Foreclosure, or exhaustion, of the right to petition for review under Article 67(c), supra, however, ever, does not invariably foreclose or terminate the right to relief under 28 USC § 1651(a). In Johnson v United States, 19 USCMA 407, 42 CMR 9 (1970), it appeared that an accused's petition for review was denied by this Court, and his sentence was then ordered into execution. While serving the sentence imposed, the accused petitioned for a new trial on the basis of newly discovered evidence. The Judge Advocate General of the Navy granted his petition and advised the Disciplinary Command in which accused was confined that the "status of subject man remains that of a sentenced prisoner." The accused immediately sought appropriate relief, contending he was illegally classified as a sentenced prisoner. We noted that such a petition is cognizable by this Court,[3] and ordered correction of the above-quoted designation of accused's status.

The situation found here is legally comparable. The sentence sought to be carried into execution is a nullity. Treating the petitioner as a "sentenced prisoner" in these circumstances is as unwarranted as the case in *Johnson*, supra. The officers exercising special and general court-martial jurisdiction over petitioner may not ignore the plain holding in the *Dean* case, and by their subsequent actions breathe life into a sentence which, from the moment it was announced, had no legal existence.

Since the execution of any sentence imposed under the circumstances of this case would be illegal, no action taken as a preliminary to such an order may be initiated, and may, under 28 USC § 1651(a), be enjoined by this Court. Johnson v United States, supra.

Accordingly, the findings and sentence of the general court-martial, as announced in General Court-Martial Order Number 51–69, Headquarters, 5th Marine Division, Camp Pendleton, California, dated October 21, 1969, are set aside. United States v Dean, 20 USCMA 212, 43 CMR 52 (1970).

And further, the respondents shall immediately terminate the proceedings initiated with a view to the vacation of the suspension of petitioner's sentence as announced in said General Court-Martial Order Number 51–69.

---

[3] See footnote 1, Johnson v United States, 19 USCMA 407, 408, 42 CMR 9, 10 (1970).