UNITED STATES, Appellee

v

DOUGLAS N. SMITH, Private First Class, U. S. Marine Corps,
Appellant

22 USCMA 247, 46 CMR 247

Docket No. 26,589

May 2, 1973

Not reported below.

*Captain Charles J. Hely*, USCMR, counsel for Appellant, Accused.

*Lieutenant Colonel G. L. Bailey*, USMC, and *Lieutenant Thomas L. Earp*, USNR, counsel for Appellee, United States.

Subsequent to the order granting the petition for review filed in the above-named case, other facts controlling disposition of the case were called to our attention.

■ It appears from the record of trial that following his arraignment before the special court-martial to which charges against him were referred for trial, the accused absented himself without leave. After appropriate inquiry, the military judge determined that the absence was both without authority and voluntary, so he directed trial to proceed notwithstanding accused's absence. See paragraph 11c, Manual for Courts-Martial, United States, 1969 (Revised Edition); United States v Staten, 21 USCMA 493, 45 CMR 267 (1972); United States v Cook, 20 USCMA 504, 43 CMR 344 (1971); United States v Houghtaling, 2 USCMA 230, 8 CMR 30 (1953). Trial proceeded as directed and resulted in a conviction and sentence of bad-conduct discharge, confinement at hard labor for 6 months, forfeiture of $175.00 of his pay per month for 6 months, and reduction to pay grade E-1. The convening and supervisory authorities approved the sentence and forwarded the record of trial to the Judge Advocate General of the Navy for review by the Court of Military Review. See Articles 65(b) and 66(b), Uniform Code of Military Justice, 10 USC §§ 865(b) and 866(b). The latter tribunal affirmed the findings and sentence, but efforts to serve a copy of that decision upon the accused failed for he was then in "a deserter status." Accordingly, a Certificate of Attempted Service was prepared and made part of the record on January 9, 1973. That date marked the commencement of the thirty day period within which he could permissibly petition this Court for review, and that period remained unaffected by his continued unauthorized absence. Article 67(c), UCMJ, 10 USC § 867(c); Belichesky v Bowman, 21 USCMA 146, 149, 44 CMR 200, 203 (1972).

Within the time limits established by Article 67(c), UCMJ, appellate defense counsel, acting on behalf of the accused, submitted a petition for review and, as noted above, we granted that petition, directing the filing of briefs in accordance with Rule 43, Rules of Practice and Procedure, United States Court of Military Appeals. Pursuant to that order, appellate defense counsel has filed a brief on accused's behalf.

Appellate government counsel has now filed a "Motion to Compel Clarification of Appellant's Intentions." In support thereof, it is shown that accused returned to military control on February 2, 1973, and was served with a copy of the decision of the Court of Military Review on February 16, 1973. He waived clemency consideration and requested immediate execution of the punitive discharge. Pursuant to his request, the discharge was issued March 14, 1973. Neither the accused nor the command ordering execution of the sentence was aware of the petition for review filed by appellate defense counsel, nor of this Court's action thereon taken March 2, 1973.

The Government contends that appellate defense counsel was not authorized to file the petition, and that action should be taken to compel the accused to make an election either to ratify his counsel's action by withdrawing his waiver of clemency and request for immediate execution of the discharge, or to withdraw the present petition.

Appellate defense counsel opposes this motion averring that he has communicated with the accused, and on April 2, 1973, the latter expressed a desire to continue the appeal.

■ Article 66(b), UCMJ, 10 USC § 866(b), provides:

The Judge Advocate General shall refer to a Court of Military Review the record in every case of trial by court-martial in which the sentence, as approved, affects a general or flag

officer or extends to death, dismissal of a commissioned officer, cadet, or midshipman, dishonorable or *bad-conduct discharge,* or confinement for one year or more. (Emphasis supplied.)

Since this review is mandatory, it is unaffected by an accused's unauthorized absence, or his desires with respect to an appeal. Petitions for review pursuant to Article 67(b)(3), UCMJ, 10 USC § 867(b)(3), depend upon the voluntary action of an accused, and must be filed within the time limits established by Article 67 (c). However, one who voluntarily absents himself without leave is not entitled to invoke the processes of this Court, so long as he continues in that status. In this regard, the United States Supreme Court has declared:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

Molinaro v New Jersey, 396 US 365, 366, 24 L Ed 2d 586, 90 S Ct 498 (1970). See also Bohanan v Nebraska, 125 US 692, 31 L Ed 854 (1887); Smith v United States, 94 US 97, 24 L Ed 32 (1876); Dawkins v Mitchell, 437 F2d 646 (DC Cir 1970).

■ Since one in the position of the accused in the instant case may not "call upon the resources of the Court for determination of his claims," Molinaro v New Jersey, supra at 366, counsel may not do so in his behalf.[1] It follows from this, that the petition filed in this Court on January 17, 1973, was unauthorized by law and unauthorized by accused. It was ineffective for all purposes. Thus, when the thirty day period allowed for filing a petition by the accused expired on February 8, 1973, there was no petition for review validly in military channels or before this Court. Our jurisdiction, therefore, terminated. Belichesky v Bowman, supra. The conviction was then final and the sentence could thereafter be properly ordered executed. Article 71(c), UCMJ, 10 USC § 871(c). The order of execution of the sentence published March 14, 1973, depends for its validity upon Article 71(c), UCMJ, not upon the accused's request.

Since the jurisdiction of this Court was not properly invoked within the statutory period, the order of this Court granting review on March 2, 1973, is vacated, and the petition for grant of review is dismissed.

---

[1] We do not here determine whether a petition for review must be initiated by the accused personally in every case.