FREDERICK A. DEL PRADO (also known as FREDRIK A. DEL PRADO and FREDRICK A. DEL PRADO (Formerly Lance Corporal, U. S. Marine Corps) Petitioner

v

UNITED STATES and THE JUDGE ADVOCATE GENERAL OF THE NAVY Respondents

Miscellaneous Docket No. 74-46

June 12, 1974

*Harvey B. Savitt, Esquire,* counsel for Petitioner.

*Lieutenant Colonel G. L. Bailey,* USMC, and *Lieutenant Commander Harvey E. Little,* JAGC, USN, counsel for Respondents.

## MEMORANDUM OPINION OF THE COURT

On August 19, 1969, a general court-martial convicted the petitioner of the wrongful possession of marihuana on the basis of his plea of guilty. A sentence of a bad-conduct discharge, total forfeitures, confinement at hard labor for 6 months, and reduction to the lowest enlisted grade was imposed. That sentence

was approved by the convening authority and affirmed by the United States Navy Court of Military Review. On April 20, 1970, this Court granted a petition for review pursuant to Article 67(b)(3), Uniform Code of Military Justice, 10 USC § 867(b)(3) to consider an issue which is not material to the present action. By opinion dated June 5, 1970,[1] we affirmed the decision of the Court of Military Review. That action finalized the proceedings, and military authorities ordered the sentence executed.

Thereafter, this Court granted the petition for review filed in the case of United States v Dean to consider "whether a court composed of a military judge alone has jurisdiction to try an accused who has not requested in writing that he be tried in that manner." By opinion dated December 18, 1970,[2] we held that a written request for trial by military judge alone was an indispensable jurisdictional requisite. That decision was given retroactive effect in Belichesky v Bowman, 21 USCMA 146, 44 CMR 200 (1972).

Petitioner now avers, and the respondent concedes, that his trial was before a military judge sitting as a general court-martial despite the absence of his written request. He further declares that on the basis of the *Dean* decision, he sought relief by applying to the Navy Board for the Correction of Records. The Board recommended the issuance of a general discharge under honorable conditions in lieu of the bad-conduct discharge. It declined to consider the validity of the court-martial. On August 14, 1973, the Secretary of the Navy approved the Board's recommendation and directed that petitioner's naval record be corrected to indicate the issuance of a general discharge under honorable conditions as of January 16, 1970.

Immediately prior to action by the Secretary, petitioner sought relief by action instituted against the Secretary and the Board in the United States District Court for the Southern District of New York. Petitioner has advised that tribu-

nal of the Secretary's order. Action on that petition is presently held in abeyance pending action by this Court upon the petition for extraordinary relief now under consideration.

The latter petition seeks a writ of error coram nobis the end result of which will be the expunging of his conviction from his naval records since, under *Dean,* the court-martial was without jurisdiction.

In reply to our order to show cause, respondents concede that the challenged conviction is a nullity. However, they argue, the conviction is final; the sentence has been executed; a general discharge has been substituted for the punitive discharge; military jurisdiction has terminated and no further action against petitioner is contemplated or possible. Thus, Allen v United States, 21 USCMA 288, 45 CMR 62 (1972), is controlling and requires dismissal of the present petition.

■ The writ of error coram nobis is a procedure, available under 28 USC § 1651(a),[3] which permits a court to remedy errors not perceived or not fully assessed when the case was first before it. Both at common law and in modern practice, the relief afforded thereby is without limitation of time for facts affecting the validity and regularity of the judgment. United States v Morgan, 346 US 502 (1954). Thus, it has been held that the completion of a sentence, void as a matter of law, does not bar relief from such sentence. United States v Forlano, 319 F2d 617 (2d Cir 1963); Berg v United States, 176 F2d 122 (9th Cir 1949), *cert denied,* 338 US 876 (1949); Mathis v United States, supra. Nor is the possibility for relief terminated by the exhaustion of all appellate rights and procedures established by the Uniform Code of Military Justice. Belichesky v Bowman, supra. Even the termination of the individual's amenability to court-martial processes does not necessarily terminate the power of this Court to grant relief. Asher v United States, 22 USCMA 6, 46 CMR 6 (1972); Lewis v

---

[1] United States v Del Prado, 19 USCMA 489, 42 CMR 91 (1970).

[2] United States v Dean, 20 USCMA 212, 43 CMR 52 (1970).

[3] See Mathis v United States, 246 F Supp 116 (ED NC 1965).

United States, 21 USCMA 667 (1972). The persistence of prejudice attendant upon such a void conviction and the requirements of justice in the particular case furnish a sound basis for the relief sought under coram nobis.

Allen v United States, supra, relied upon by respondents, is not dispositive in this instance. There, petitioner had been convicted by a special court-martial and sentenced to a bad-conduct discharge and confinement with partial forfeitures for a period of 4 months. By decision dated November 24, 1970, the Court of Military Review affirmed only confinement and partial forfeitures for 3 months, and no petition for review by this Court was filed within the period fixed by Article 67(c), UCMJ. Approximately 2 years later, long after the sentence had been served, the forfeitures collected, and the accused had been separated from service at the expiration of his term of service, he sought extraordinary relief by an order setting aside the findings and sentence. We found no basis in these facts for the relief requested and dismissed his petition.[4] The situation here is distinguishable.

■ Here, not only did petitioner herein not raise the issue of jurisdiction in his original petition for review, but what is more important, in our study of the record of trial undertaken as a result of that petition, we failed to recognize the absence of jurisdiction. In similar circumstances, we have declared:

> Since our responsibility for a meaningful review requires us to note errors affecting jurisdiction, i.e. the power of a court-martial to act, whether or not assigned, our failure to note the absence of jurisdiction in petitioner's case is legally indistinguishable from our failure to appreciate the significance of an assignment raising the issue. Thus, whether the form of relief required be denominated "reconsideration" or "extraordinary relief," relief will be afforded.

Gallagher v United States, supra at 194, 46 CMR at 194 (1973). The holding in *Gallagher* is controlling in this instance.

In view of the foregoing, it is ordered that the petition for extraordinary relief be, and the same hereby is, granted; that proceedings leading to petitioner's conviction are hereby declared null and void; and that the respondent, Judge Advocate General, United States Navy, is directed to take all necessary and appropriate measures to cause the conviction to be expunged from petitioner's record, and to restore him to all rights and privileges of which he was deprived as a result of that conviction.

---

[4] The current viability of that decision may be doubtful. See Gallagher v United States, 22 USCMA 191, 46 CMR 191 (1973) (Darden, C. J., concurring).