51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Juan R. RODRIGUEZ, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 92-3163.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.
Decided April 6, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Juan Rodriguez pleaded guilty to conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846, and was sentenced to 70 months of imprisonment and four years of supervised release. Rodriguez failed to file a timely notice of appeal and moved to vacate his sentence. 28 U.S.C. Sec. 2255. The district court found that Rodriguez had been denied the effective assistance of counsel and allowed him to proceed with a direct appeal. We affirmed in an unpublished order.[1] See United States v. Rodriguez, Nos. 92-3782 & 92-3783 (Mar. 25, 1994). In that order, we noted that this appeal of the district court's order denying Rodriguez's motion for a Judicial Recommendation Against Deportation was pending. Id.
 
 
 2
 Rodriguez's counsel now seeks to withdraw because he considers an appeal of the refusal to make a recommendation against deportation without merit or possibility of success. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). An Anders brief need not be filed in a civil case. Because we are not required to appoint counsel in a Sec. 2255 proceeding, see 18 U.S.C. Sec. 1006A (appointment is discretionary), there is no due process requirement that appointed counsel in collateral proceedings comply with the procedural requirements of Anders when seeking to withdraw without filing a brief on the merits. Pennsylvania v. Finley, 481 U.S. 551, 554 (1987); see also DiAngelo v. Illinois Dept. of Public Aid, 891 F.2d 1260, 1262 (7th Cir.1989) ("because there is no right to appointed counsel in civil litigation, a lawyer who assists a prisoner in a collateral attack on a conviction need not file an Anders brief in order to avoid the obligation on appeal"). Nonetheless, we informed Rodriguez of his attorney's motion and his right to file a response, Cir.R. 51(a), and Rodriguez has filed such a response. We affirm the district court's judgment.
 
 
 3
 Counsel asserts that the only challenge which Rodriguez could conceivably raise on appeal is whether the district court erred in ruling that it did not have the power to make a Judicial Recommendation Against Deportation (JRAD). The district court noted that while it had previously been able to recommend to the Attorney General that an alien defendant not be deported, 8 U.S.C. Sec. 1251(b)(2); see Santos v. Kolb, 880 F.2d 941, 942 n. 1 (7th Cir.1989), cert. denied, 493 U.S. 1059 (1990), the Immigration Act of 1990 repealed a sentencing judge's power to make such a recommendation. See Pub.L. No. 101-649, Title V, Sec. 505(b), 104 Stat. 5050 (1990); see United States v. Bodre, 948 F.2d 28, 30 (1st Cir.1991), cert. denied, 112 S.Ct. 1487 (1992). The repealer took effect immediately and applied "to convictions entered before, on or after" November 29, 1990.[2] We agree with the district court's assessment that it no longer had power to issue JRADs.
 
 
 4
 A possible argument could be made that because Rodriguez was charged before the repealer Sec. 505 was passed, applying it violated the ex post facto clause of the Constitution. The First Circuit, for example, addressed the retrospective application of Sec. 505. Bodre, 948 F.2d at 35. That court found that a judicial recommendation and its repealer were substantively deportation matters and within the civil realm, thereby precluding application of the ex post facto clause. Id.; but see id. at 35 (Bownes, J. dissenting) (discussing the penal nature of Sec. 505).[3] Further, the Supreme Court generally has held that the ex post facto clause has no application to deportation proceedings. Galvan v. Press, 347 U.S. 522, 531 (1954); see Harisiades v. Shaughnessy, 342 U.S. 580, 594 (1952) ("Deportation, however sever its consequences, has been consistently classified as a civil rather than a criminal procedure ... The prohibition of ex post factor has no application.").
 
 
 5
 Rodriguez, in his brief, makes a plethora of arguments regarding issuing JRADs, ranging from the application of the Uniform Commercial Code to the operation of a treaty between Mexico and the United States to protect him from deportation. Because none of these arguments have any merit, we AFFIRM the district court's denial of Rodriguez's Sec. 2255 motion and GRANT counsel's motion to withdraw.
 
 
 
 [1]
 We also agreed with the district court that Rodriguez had received ineffective assistance because of counsel's failure to file a notice of appeal, warranting relief under Sec. 2255
 
 
 [2]
 Rodriguez was charged November 27, 1990 and pleaded guilty on January 17, 1991
 
 
 [3]
 See United States v. Koziel, 954 F.2d 831 (2d Cir.1992) (deportation is a civil matter and the ex post facto clause is not violated); see also United States v. Yacoubian, 24 F.3d 1, 10 (9th Cir.1994) ("The Court has consistently classified deportation proceedings as civil in nature and has therefore determined that the ex post factor clause has no application to them."); De Osorio v. United States INS, 10 F.3d 1034, 1042 (4th Cir.1993) ("Congress has the authority to attach present immigration consequences to past criminal activity")