STUCKY, Judge
(dissenting):
I find myself in agreement with many of the points made by Judge Ryan in her able and scholarly dissenting opinion. I consider it established that we have coram nobis jurisdiction in cases in which the jurisdiction of the court-martial is at issue. The extent of our jurisdiction beyond this very limited area is questionable. However, even assuming that we have such jurisdiction, this is not a proper case for coram nobis relief. I would, therefore, deny the petition and do not find it necessary now to determine the extent, if any, of our jurisdiction beyond the circumscribed area set out above. See, e.g., United States v. Tavares, 10 C.M.A. 282, 283, 27 C.M.R. 356, 357 (1959) (assuming without deciding that Court had jurisdiction, “this case presents no grounds for invoking such extraordinary rehef’).
The majority opinion cites United States v. Frischholz, 16 C.M.A. 150, 36 C.M.R. 306 (1966), as authority for exercising jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a) (2000) after Appellant’s conviction became final under Article 76, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 876. Denedo v. United States, 66 M.J. 114, 123 (C.A.A.F.2008). In Frischholz, the government argued that the All Writs Act was intended to apply only to Article III courts and at least implied that our location “for administrative purposes” in the Department of Defense made us something other than a “court” for the purposes of the Act. Id. at 308 n. 1. This Court properly rejected those arguments, holding that the Act’s application to “courts established by Act of Congress” was not limited to courts established by Act of Congress pursuant to Article III of the Constitution. Id. at 307-08. However, it is one thing to state that this Court has authority to issue writs under the All Writs Act and quite another to conclude that that authority includes a general mandate to correct errors in cases that are final by means of coram nobis. It is established that a writ issued under the Act must be in aid of this Court’s existing jurisdiction and may not be a vehicle for expanding it. Clinton v. Goldsmith, 526 U.S. 529, 534-35, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999); Font v. Seaman, 20 C.M.A. 387, 390, 43 C.M.R. 227, 230 (1971); United States v. Snyder, 18 C.M.A. 480, 482-83, 40 C.M.R. 192, 194-95 (1969).
In Del Prado v. United States, 23 C.M.A. 132, 48 C.M.R. 748 (1974), and Gallagher v. United States, 22 C.M.A. 191, 46 C.M.R. 191 (1973), we granted relief in cases in which direct review was no longer available or had been completed. However, both of these cases involved fundamental and inherent problems of jurisdiction. In Del Prado, the accused was tried by a military judge alone although he had not requested in writing that he be so tried, Del Prado, 23 C.M.A. at 133, 48 C.M.R. at 749, while in Gallagher, enlisted members sat on the accused’s court-martial although he had not personally submitted a written request for enlisted representation.[1] *131 Gallagher, 22 C.M.A. at 192, 46 C.M.R. at 192. Of course, a federal court always has jurisdiction to determine its own jurisdiction. United States v. United Mine Workers of America, 330 U.S. 258, 292 n. 57, 67 S.Ct. 677, 91 L.Ed. 884 (1947); Mansfield, Coldwater & Lake Michigan Railway Company v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884). The expansive statements as to jurisdiction in Del Prado and Gallagher, particularly the assertion in Gallagher that the filing of a petition alone vests jurisdiction in this Court, 22 C.M.A. at 193, 46 C.M.R. at 193, must be read in that context. Neither Del Prado nor Gallagher is authority for a general superintendency over cases in which Article 67, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867 (2000), jurisdiction is otherwise absent. Goldsmith, 526 U.S. at 536, 119 S.Ct. 1538.[2]
While I consider our authority to grant the requested relief questionable, I need not reach that issue here, because Appellant has not made out a case for relief on the merits. This is not a case in which there existed any fundamental jurisdictional impediment to Appellant’s original trial by court-martial, and indeed none is alleged. Rather, what we have here is a case, like many others, in which the complaint is ineffective assistance of counsel. Moreover, the claim of ineffective assistance relates not to the conduct, findings, or sentence of the court-martial, but purely to a collateral consequence thereof.
Appellant asserts that his primary concern in his court-martial was avoiding deportation; that he was erroneously advised by his civilian counsel that a conviction by a special court-martial would not subject him to deportation, but a conviction by a general court-martial would; that he was advised that the Government would take the case to a general court-martial unless he pled guilty; that, in reliance upon this advice, he pled guilty before a special court-martial; that eight years later, the Department of Homeland Security initiated deportation proceedings against him on the basis of the conviction; and that, had he known of the possibility of deportation, he would have pled not guilty and taken his chances with the general court-martial.
Assuming, without deciding, that Appellant’s counsel incorrectly advised him as to the state of the law, this alone does not entitle him to coram nobis relief. Deportation is not only a collateral consequence of a court-martial conviction, but a consequence entirely outside the purview of the armed forces and the system of military justice. As a general rule, this Court has concerned itself with the collateral consequences of court-martial convictions only in very limited circumstances. United States v. Miller, 63 M.J. 452, 457 (C.M.A.2006) (sex offender registration); United States v. Boyd, 55 M.J. 217, 221 (C.A.A.F.2001) (retirement benefits); United States v. Hall, 46 M.J. 145, 146 (C.A.A.F.1997) (dependent benefits); United States v. McElroy, 40 M.J. 368, 371-72 (C.M.A.1994) (veterans’ benefits); United States v. Griffin, 25 M.J. 423, 424 (C.M.A. 1988) (retirement benefits); United States v. Bedania, 12 M.J. 373, 374-75 (C.M.A.1982) (administrative separation resulting from guilty plea). In Miller, we established a prospective prophylactive rule that, while not per se ineffective assistance, defense counsel’s failure to advise the accused of possible sex offender requirements for offenses to which he is pleading guilty will be “one circumstance this Court will carefully consider in evaluating allegations of ineffective assistance of counsel.” Miller, 63 M.J. at 459. In Boyd, we established a prospective rule requiring military judges to instruct on the effect of a punitive discharge on retirement benefits, if requested by the defense and supported by the evidence. Boyd, 55 M.J. at 221.
*132 Coram nobis is an “extraordinary remedy” limited to “errors of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid.” United States v. Morgan, 346 U.S. 502, 509 n. 15, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (quotation marks and citation omitted); United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129 (1914). In Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987), the Court of Appeals for the Ninth Circuit set out four criteria for the issuance of the writ: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) sufficient adverse consequences exist to satisfy the case or controversy requirement; and (4) the error is of the most fundamental character.
The third criterion applies to the Article III courts, not to a court of purely statutory jurisdiction like this one. The second criterion admittedly favors Appellant, since the deportation proceedings were instituted years after the court-martial. However, neither the first nor the last supports the requested relief.
With regard to the first criterion, the lack of a more usual remedy, Appellant has not yet been deported. As a lawful permanent resident, he has a statutory right to notice and a hearing before an immigration judge, as well as appellate rights both within the executive branch and to the Article III courts. Indeed, it appears that Appellant’s counsel intends to argue that his special court-martial conviction does not constitute an “aggravated felony” within the meaning of the immigration laws — the very question that is the gravamen of this ineffective assistance of counsel claim. Writ-Appeal Petition at 18, n. 11, Denedo v. United States, 65 M.J. 17 (C.A.A.F.2007).[3] In any event, the availability of meaningful direct review of his immigration proceeding, in the venue and according to the procedures set out by Congress for such matters, significantly undercuts any argument for extraordinary relief in the military justice system.
The fourth Hirabayashi criterion, that the error be of “the most fundamental character,” is not met either. There was no jurisdictional defect in Appellant’s court-martial; his sole complaint is the alleged ineffective assistance of counsel which admittedly did not manifest itself until years after the court-martial, when the deportation proceeding was instituted. Generally, failure to advise a client in a criminal trial of the potential adverse immigration effects, including deportation, of a guilty plea or conviction has not been held to constitute ineffective assistance of counsel. This is because deportation, or other immigration consequences, are collateral to the criminal conviction and are thus not covered by the Sixth Amendment in the criminal context. See, e.g., Varela v. Kaiser, 976 F.2d 1357, 1358 (10th Cir.1992); Santos v. Kolb, 880 F.2d 941, 944-45 (7th Cir.1989), superseded by statute on other grounds, Immigration Act of 1990, Pub.L. No. 101-649, § 505(b), 104 Stat. 5050 (1990), as recognized in Rodriguez v. United States, No. 92-3163, 1995 U.S.App. LEXIS 7920, at *3, 1995 WL 156669, at *1 (7th Cir. Apr. 6, 1995); United States v. George, 869 F.2d 333, 337 (7th Cir. 1989); United States v. Yearwood, 863 F.2d 6, 7-8 (4th Cir.1988); United States v. Gavilan, 761 F.2d 226, 228-29 (5th Cir.1985). The 1996 amendments to the Immigration and Nationality Act relating to “aggravated felonies” did not change the collateral nature of immigration proceedings. El-Nobani v. United States, 287 F.3d 417, 421 (6th Cir. 2002); United States v. Amador-Leal, 276 F.3d 511, 513 (9th Cir.2002); United States v. Gonzalez, 202 F.3d 20, 26-27 (1st Cir.2000).
Appellant, relying on United States v. Kwan, 407 F.3d 1005, 1015 (9th Cir.2005) and United States v. Couto, 311 F.3d 179, 188 (2d Cir.2002), attempts to draw a distinction between failure to advise as to the potential immigration consequences of a conviction and incorrect advice on the subject. But a defendant in a criminal trial who alleges ineffective assistance of counsel must show more than incorrect advice; he must show prejudice. To meet this standard, he must show that, absent the errors, the outcome of the trial *133 would have been different, and that the result of the trial was fundamentally unfair or unreliable. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); accord Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Here, all we are presented with is the bald assertion that, had the advice been correct, Appellant would not have pled guilty, but would have taken his chances before a general court-martial, where a conviction would have exposed him to a considerably harsher sentence and, in any event, still would have subjected him to deportation. This is insufficient. Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir.1995); Armstead v. Scott, 37 F.3d 202, 210 (5th Cir.1994); Key v. United States, 806 F.2d 133, 139 (7th Cir. 1986); see also State v. Sabillon, 280 Ga. 1, 622 S.E.2d 846, 848-49 (2005). It is questionable whether Appellant has even made out a case for prejudice under applicable ineffective assistance of counsel law; in any event, he has not met the far higher standard — error “of the most fundamental character” — necessary for coram nobis relief.[4]
I respectfully dissent.

. See United States v. Dean, 20 C.M.A. 212, 215, 43 C.M.R. 52, 55 (1970), and United States v. *131 White, 21 C.M.A. 583, 584, 588-89, 45 C.M.R. 357, 358, 362-63 (1972), for the jurisdictional nature of those errors.

. In Garrett v. Lowe, 39 MJ. 293 (C.M.A.1994), we granted relief in a case in which fundamental jurisdiction was not at issue, based upon an instructional error. However, this case is distinguishable because, although Appellant styled his request for relief as one for coram nobis, he was still in confinement at the time and therefore habeas corpus was available. Id. at 295. We granted sentence relief without stating which prerogative writ was the basis of the action. Id. at 297.

. If Appellant’s conviction is not an "aggravated felony," then it would appear that the advice given by his counsel at the court-martial was legally correct.

. Whether any nonjurisdictional error can meet the "fundamental character” standard is a question that need not be reached in this case. I am satisfied that on these facts, Appellant has not met that standard.