*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

### UNITED STATES
Appellant/Cross-Appellee

**v.**

### Patrick CARTER, Master Sergeant
United States Air Force, Appellee/Cross-Appellant

**Nos. 17–0079 & 17-0086**

Crim. App. No. 38708

Argued May 9, 2017—June 5, 2017

Military Judge: J. E. Kastenberg

For Appellant/Cross-Appellee: *Major Meredith L. Steer* (argued); *Colonel Katherine E. Oler*, *Major Mary Ellen Payne,* and *Gerald R. Bruce*, Esq. (on brief).

For Appellee/Cross-Appellant: *Major Johnathan D. Legg* (argued); *Brian L. Mizer*, Esq. (on brief).

Judge RYAN delivered the opinion of the Court, in which Chief Judge ERDMANN and Judges STUCKY, OHLSON, and SPARKS, joined.

———————

Judge RYAN delivered the opinion of the Court.

Under Article 67(a)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(a)(2) (2012), the Judge Advocate General of the Air Force (TJAG) certified the following issue:

> Whether the Air Force Court of Criminal Appeals (AFCCA) erred by finding that the convening authority exceeded the scope of AFCCA's remand when he referred Appellant's case to an "other" trial under R.C.M. 1107(e)(2) following AFCCA's original remand decision.

We answer the certified question in the negative. Article 66(d), UCMJ, presents a binary choice: a Court of Criminal Appeals (CCA) *may* order a rehearing and, if it does not order a rehearing, it *shall* dismiss the charges. 10 U.S.C. § 866(d) (2012). In this case the United States Air Force Court of Criminal Appeals (AFCCA) did not order a rehearing. Instead, it set aside and dismissed the charges.

Under these circumstances, the convening authority was not authorized to order any further proceedings.[1]

## I. PROCEDURAL HISTORY

In 2010, a panel of members sitting as a general court-martial convicted Appellee, contrary to his pleas, of one specification each of indecent acts with a child under the age of sixteen and child endangerment, in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2012). Appellee was also convicted of one specification of taking indecent liberties with a child under the age of sixteen, in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2012), though the convening authority disapproved this finding. The panel adjudged a sentence of four years of confinement, forfeiture of all pay and allowances, a dishonorable discharge, and a reduction to the rank of E-1, but the convening authority only approved three years of confinement, forfeiture of all pay, a dishonorable discharge, and a reduction to the rank of E-1. On January 4, 2013, the AFCCA concluded that the Article 134, UCMJ, charge failed to state an offense, prejudicing Appellant:

> In sum, we can find nothing in the record that reasonably placed the appellant on notice of the Government's theory as to which clause of the terminal element of Article 134, UCMJ, he had violated. Given the mandate set out by our superior court in *Humphries*, we are compelled to set aside and dismiss Charge III and its specifications.
>
> . . . .
>
> Having considered the record in light of *Humphries*, the findings of guilty as to Charge III and

---

[1] We also granted review of five additional issues. Three of those issues ask whether a judge could simultaneously sit on a CCA and on the United States Court of Military Commissions Review (USCMCR). In *United States v. Ortiz*, we held that appointment to the USCMCR does not violate the Appointments Clause with regards to service on a CCA, nor does it interfere with an otherwise valid statutory authorization to serve on a CCA. 76 M.J. __ (C.A.A.F. 2017). In accordance with *Ortiz*, we resolve these three issues in favor of the Government. The two remaining issues ask whether Appellee was denied due process by an unreasonable delay in the appellate process and whether Appellee's prosecution was barred by the statute of limitations. We decline to address these two issues in light of our disposition of the first issue.

> its specifications and the sentence are set aside and dismissed. The record of trial is returned to the Judge Advocate General for remand to an appropriate convening authority.

*United States v. Carter*, No. ACM 37715, 2013 CCA LEXIS 1, at *8–12, 2013 WL 376304, at *3–4 *(*A.F. Ct. Crim. App. Jan. 4, 2013) (unpublished) (footnote omitted). This Court affirmed that decision on August 2, 2013. *United States v. Carter*, 72 M.J. 457, 457 (C.A.A.F. 2013). On March 21, 2014, the convening authority ordered a second court-martial: "Pursuant to the authority of [Rule for Courts-Martial (R.C.M.)] 1107(f)(2), a new trial is hereby ordered."[2] On May 17, 2014, the convening authority referred charges that were identical to the previously dismissed Article 134, UCMJ, charges, except that they now alleged the "service discrediting" element. Appellee was convicted at this second trial on July 24, 2014, after which the panel adjudged and the convening authority approved a sentence of forty months of confinement, forfeiture of all pay and allowances, and reduction to the rank of E-1.

## II. AFCCA DECISION

In his second appearance at the AFCCA, Appellee argued that the referral of the second trial was void because the AFCCA had previously set aside and dismissed the charge and its specifications without authorizing any further proceedings as part of its remand. The AFCCA agreed:

> Senior Judge Mitchell and I hold that the convening authority, upon receiving the record of trial on remand from this court, was only authorized to issue a final order effectuating our previous dismissal of the specifications.…
>
> ....
>
> The findings of guilty of Specifications 1 and 2 of the Charge are set aside, and the Charge and those specifications are dismissed with prejudice.

---

[2] This reference to R.C.M. 1107(f)(2) is probably a typographical error. The 2012 version of R.C.M. 1107(f)(2) deals with modification of an initial action before it has been published, not new or "other" trials. It appears that the convening authority intended to refer to R.C.M. 1107(e)(2), which purports to grant a convening authority the ability to authorize an "other" trial.

*United States v. Carter*, No. ACM 38708, 2016 CCA LEXIS 432, at *36–37, 2016 WL 4191494, at *12 (A.F. Ct. Crim. App. July 21, 2016) (unpublished).

### III. DISCUSSION

This Court reviews questions of jurisdiction and statutory interpretation de novo. *EV v. United States*, 75 M.J. 331, 333 (C.A.A.F. 2016); *United States v. Atchak*, 75 M.J. 193, 195 (C.A.A.F. 2016). Article 66(d), UCMJ, provides:

> If the [CCA] sets aside the findings and sentence, it may, except where the sentence is based on lack of sufficient evidence in the record to support the findings, order a rehearing. If it sets aside the findings and sentence and does not order a rehearing, it shall order that the charges be dismissed.

We recently explained that "[t]he text of Article 66(d), UCMJ, does not obligate a CCA to authorize a rehearing. The statute says that a CCA *may* order a rehearing; it does not say that it must." *Atchak*, 75 M.J. at 195.

As the AFCCA majority in Appellee's case explained: "Although the opinion contained language about a possible rehearing, it did not authorize one. If this was unclear to the Government in January 2013, then its obligation was to file for reconsideration and/or review of our decision." *Carter,* 2016 CCA LEXIS 432, at *30, 2016 WL 4191494, at *10 (concluding that the first *Carter* holding did not authorize a rehearing). We agree with the AFCCA's interpretation of its own holding. It is apparent from the decretal language in its first opinion that the AFCCA did not authorize a rehearing. 2013 CCA LEXIS 1, at *12, 2013 WL 376304, at *4.

Because the AFCCA did not authorize a rehearing, the convening authority was without power to order one. It is well established that in a case subject to review under Article 66, UCMJ, a convening authority "loses jurisdiction of the case once he has published his action or has officially notified the accused" of that action. *United States v. Montesinos*, 28 M.J. 38, 42 (C.M.A. 1989). At that point, the "only further contact that the convening authority has with the case occurs in the event of a remand" or the exercise of his clemency powers. *Id.*

Here, the AFCCA did remand the case. But even when acting on remand, a convening authority may still only take action "that conforms to the limitations and conditions prescribed by the remand." *See id.* at 44. The AFCCA's remand "did not purport to confer upon [the] convening authority all the powers that a convening authority would have possessed on the initial appellate review of the case pursuant to Article 60." *Cf. id.* at 42. Instead, the convening authority acted "by delegation from the [CCA]—to which he was subordinate" because he possessed "no independent statutory authority at that time to act on the findings and sentence." *See id.* at 44; *see also* Article 66(e), UCMJ ("[TJAG] shall . . . instruct the convening authority to take action *in accordance with* the decision of the [CCA]." (emphasis added)). The convening authority ventured beyond the scope of the remand by ordering a rehearing where no rehearing was provided for in the remand order. *Cf. United States v. Riley*, 55 M.J. 185, 188 (C.A.A.F. 2001) (holding that the lower court exceeded the scope of the mandate by reinstating a greater offense following a remand to determine whether the evidence was legally insufficient to support a lesser included offense).

We decline the Government's invitation to cast this rehearing as an "other trial," convened pursuant to R.C.M. 1107(e)(2), where the AFCCA dismissed the charges and did not authorize a rehearing pursuant to its authority under Article 66(d), UCMJ.

## IV. DECISION

The Air Force Court of Criminal Appeals did not authorize a rehearing and Appellee's second court-martial exceeded the scope of the remand order. The decision of the United States Air Force Court of Criminal Appeals is affirmed.