# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CELTNIEKS, HAGLER, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist LUIS J. ALVIN**
**United States Army, Appellant**

ARMY 20150353

Headquarters, United States Army Maneuver Center of Excellence
Christopher T. Fredrikson, Military Judge (arraignment)
Frederic P. Gallun, Military Judge (trial)
Colonel Charles C. Poché, Staff Judge Advocate (pretrial)
Colonel Wendy P. Daknis, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Christopher Daniel Carrier, JA; Major Christopher Coleman, JA; Captain Patrick Scudieri, JA (on brief).

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA; Major Virginia H. Tinsley, JA; Captain Sandra L. Ahinga, JA (on brief).


21 November 2017

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SCHASBERGER, Judge:

An officer and enlisted panel sitting as a special court-martial convicted appellant, contrary to his plea, of one specification of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2012) [hereinafter UCMJ].  The panel sentenced appellant to a bad-conduct discharge and a reduction to the grade of E-1.  The convening authority initially disapproved the findings of guilty and the sentence.  The convening authority later withdrew the earlier action and approved only the bad-conduct discharge.  This case is before our court for review under Article 66, UCMJ.

On appeal, appellant raises several errors that warrant discussion, but none of which warrant relief.  Specifically, appellant alleges this court lacks jurisdiction

because the convening authority improperly withdrew the initial action, or alternatively that 509 days of post-trial processing violated appellant's due process rights.[1]

In essence, we must answer the following question: what happens when a convening authority, illegally and without authority, dismisses a specification that under the post-2014 amendments to Article 60, UCMJ, he has no authority to dismiss? We answer the question as follows: the rules for courts-martial and pre-amendment case law must yield to the Congress's amendment of Article 60, UCMJ. Therefore, when a convening authority takes action dismissing a finding of guilty that is outside the mandate of his or her authority, the action is void *ab initio*.

## BACKGROUND

On 6 January 2015, appellant participated in a unit urinalysis in which his sample tested positive for cocaine. At trial, the government established the chain of custody and brought in an expert from the forensic laboratory to explain the test results. The defense counsel raised objections to the admissibility of the laboratory

---

[1] In an unsworn submission pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally asserts, *inter alia*, his defense counsel were ineffective because they did not submit a "good soldier book" during the presentencing phase of his trial, and his "counsel never requested the urine sample be DNA matched to appellant." Upon review of the entire record of trial, we disagree with appellant's assertions.

We see no need to order an affidavit from counsel and conclude an evidentiary hearing is not warranted under *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). It is clear from the record appellant's counsel made considered, tactical decisions concerning the evidence and testimony offered during presentencing. After the military judge admitted appellant's Enlisted Record Brief, which listed appellants medals and deployments, the defense called two senior noncommissioned officers to testify regarding appellant's good duty performance and rehabilitative potential. Both witnesses had deployed with appellant and gave strong testimony regarding his actions while under fire.

We are convinced appellant has not met his burden of establishing ineffective assistance of counsel as required by *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "We do not measure deficiency based on the success of a trial defense counsel's strategy, but instead examine whether counsel made an objectively reasonable choice in strategy from the available alternatives. Similarly, we must remain mindful that counsel have wide latitude . . . in making tactical decisions." *United States v. Akbar*, 74 M.J. 364, 379 (C.A.A.F. 2015) (internal citations and quotation marks omitted).

report[2] and highlighted the numerous procedural errors in the urinalysis process. Appellant testified and denied using cocaine. The panel convicted appellant of wrongful use of cocaine.

On 1 December 2015, the convening authority dismissed the finding and the sentence. Appellant was recalled from excess leave and he resumed his duties as a soldier. In June of 2016, appellant was served a new staff judge advocate's recommendation alerting appellant that the initial action was improper and there would be a new action. Appellant resubmitted clemency matters under Rule for Courts-Martial [hereinafter R.C.M.] 1105. On 29 September 2016, 519 days after trial, the convening authority took initial action. This action withdrew the prior action. The convening authority disapproved the reduction to E-1 and approved the bad-conduct discharge.

## LAW AND DISCUSSION

In this case we must first determine if we have jurisdiction to address this appeal. This court is a court of limited jurisdiction, established by The Judge Advocate General. UCMJ art. 66(a). The mandate to establish this court was made pursuant to the authority of Congress to pass laws regulating the Armed Forces. *See* U.S. Const. art. I, § 8, cl. 14. The statute requires the Judge Advocate General to refer the record of each case of trial by court-martial "in which the sentence, as approved, extends to . . . [a] bad-conduct discharge . . . ." UCMJ art. 66(b)(1). Furthermore, this court is limited to act "only with respect to the findings and sentence as approved by the convening authority." UCMJ art. 66(c).

---

[2] In his third assigned error, appellant alleges the government violated his constitutional rights when it admitted testimonial hearsay stating he used cocaine. At trial, the prosecution introduced a laboratory report that "reconfirmed the presence of the cocaine metabolite, benzoylecgonine" in appellant's urine sample. The military judge directed a redaction of the report to remove the testimonial hearsay before admitting it into evidence. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309-29 (2009) (holding that statements in a forensic laboratory report were testimonial under the Sixth Amendment and, therefore, could not be introduced by the prosecution without a live witness competent to testify to the truth of the statements made in the report). The redaction attempt, however, was only partially successful. Along with the computer-generated data in the report were several statements that confirmed the urine sample was from appellant and contained cocaine metabolites. While we agree these statements are testimonial and should have been redacted from the report, we provide no relief because the error was harmless beyond a reasonable doubt since the testimonial hearsay was unimportant and cumulative of properly admitted evidence. *See United States v. Sweeney*, 70 M.J. 296, 306 (C.A.A.F. 2011) (listing nonexclusive factors when reviewing whether a Confrontation Clause error was harmless beyond a reasonable doubt).

### A.  Rule for Courts-Martial 1107

The Rules for Courts-Martial set out the procedures for how the convening authority may take action upon the findings and sentence.  Prior to June 2014, the convening authority had sole discretion to act on findings to include the power to set aside any finding of guilty and dismiss the specification or charge.  R.C.M. 1107(c).[3]  This changed when Congress enacted the National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672 (2013) [hereinafter NDAA].  Among the many changes to the UCMJ was a substantive change to the authority of a convening authority.

In the NDAA, Congress curtailed the previously broad clemency powers of a convening authority.  The NDAA expressly prohibited a convening authority from setting aside: 1) a guilty finding to an offense with a maximum authorized confinement of more than two years, and 2) a sentence of a bad-conduct discharge.[4]  NDAA § 1702(b).  Neither the NDAA nor R.C.M. 1107 notably changed the procedure for a convening authority to modify an initial action.[5]  Under R.C.M. 1107(f), the convening authority may modify an action any time before it has been published or before the accused has been officially notified.  The convening authority may also recall and modify any action at any time prior to forwarding the record for review, as long as the modification does not result in action less favorable to the accused than the earlier action.

Established precedent is that "a convening authority 'loses jurisdiction of the case once he has published his action or has officially notified the accused' of that action."  *United States v. Carter*, 76 M.J. 293, 295 (C.A.A.F. 2017) (quoting *United States v. Montesinos*, 28 M.J. 38, 42 (C.M.A. 1989)).  There is also established precedent that when a convening authority's action is clear and unambiguous he cannot go back and change it to the detriment of the accused.  *United States v. Wilson*, 65 M.J. 140, 141 (C.A.A.F. 2007) ("[W]hen the plain language of the convening authority's action is facially complete and unambiguous, its meaning must be given effect.").

---

[3] The discussion following this rule states "[t]he convening authority may for any reason or no reason disapprove a finding of guilty . . . ."  R.C.M. 1107(c) discussion.

[4] The statue does allow for some exceptions for cases with a trial counsel recommendation based on substantial assistance by the accused, or a pretrial agreement.  R.C.M. 1107(d)(1)(C).

[5] The only change is to prohibit the convening authority from modifying the action to something that is now prohibited under the new R.C.M. 1107 (i.e., dismissing findings or disapproving a discharge).

To follow those precedents in a situation where the convening authority acts outside his authority would run squarely against Congressional intent as codified in the NDAA's changes to Article 60, UCMJ. Here, the statute expressly prohibits the convening authority from dismissing findings of guilty if the offense is one that carries a maximum punishment of greater than two years. The statute also expressly prohibits a convening authority from disapproving a sentence of a discharge.

Appellant was found guilty of wrongful use of cocaine in violation of Article 112a, UCMJ. The maximum punishment for wrongful use of cocaine includes five years of confinement. Appellant committed this offense after the effective date of the change to R.C.M. 1107. Therefore, the original action of the convening authority disapproving the finding of guilty was outside of his authority. Furthermore, appellant's sentence included a bad-conduct discharge, which the convening authority also had no authority to disapprove. The convening authority's action was specifically prohibited by the statute. Accordingly, the original action by the convening authority was void *ab initio*.

After serving appellant, publishing the action, and returning appellant to active duty,[6] the convening authority recognized the error, withdrew the initial action, and created a corrected action. Under both the plain language of R.C.M. 1107 and prior case law, the convening authority would no longer have the authority to take any additional action with regard to this case, let alone an action that was to the detriment of appellant. *Carter*, 76 M.J. at 295; *Wilson*, 65 M.J. at 141. If that were the result, we would in effect be allowing a convening authority to take a prohibited action and thwart the clear intent of the statute. We must give effect to the statute over the rule. Therefore, we find in the limited circumstance where the first convening authority action is void *ab initio*, a convening authority may still take action under R.C.M. 1107 even though the initial purported action had been served and published.[7]

---

[6] After his trial, appellant was placed on excess leave, a duty status where he received no pay but was entitled to limited benefits.

[7] In this case, the original action would on its face deprive this court of jurisdiction. Under other circumstances, the appellate process works to set aside illegal actions by the convening authority. As we have the power to issue extraordinary writs to preserve our jurisdiction, this court could issue a writ of mandamus setting aside the first action and ordering a new action. *See generally Howell v. United States*, 75 M.J. 386, 390 (C.A.A.F. 2016); *Montesinos*, 28 M.J. at 44; *Dettinger v. United States*, 7 M.J. 216 (C.M.A. 1979). However, as the convening authority has already sought to correct this error and issued an action that complies with Article 60, UCMJ, the issuance of a writ is unnecessary.

### B. Post-Trial Delay

Appellant alleges his due process rights were violated by the 509 days of post-trial delay.

The court-martial sentenced appellant on 20 May 2015. The convening authority took his first action on day 195, and his corrected action on day 498. This court received the record of trial on day 519. The delay in this case largely resulted from the initial convening authority error.

Though the 509 days attributable to the government are presumptively unreasonable, they do not rise to the level of a due process violation. We still review the appropriateness of appellant's sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

While ordinarily such extreme post-trial delay might warrant relief, in this case where appellant's approved punishment was solely a bad-conduct discharge, we find no prejudice to appellant that would warrant the extraordinary measure of disapproving appellant's punitive discharge. In fact, for a significant proportion of the time, appellant returned to active duty and received pay and benefits. Accordingly, given the totality of the circumstances, we find the sentence as approved by the convening authority to be appropriate. Consequently, despite the government's failure to meet its obligation to provide timely post-trial processing of the record, relief is not warranted here.

## CONCLUSION

On consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Judge CELTNIEKS and Judge HAGLER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

6