# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FEBBO, SALUSSOLIA and WOLFE
Appellate Military Judges

**Sergeant THOMAS M. ADAMS, Petitioner**
v.
**Colonel J. HARPER COOK, U.S. Army, Military Judge, Respondent**

ARMY MISC 20170581

For Petitioner:  Mr. Frank J. Spinner, Esquire (on brief); Captain Benjamin J. Wetherell, JA; Mr. Frank J. Spinner, Esquire (on supplemental brief).[1]

23 January 2018

--------------------------------------------------------------------
MEMORANDUM OPINION AND ACTION ON PETITION
FOR EXTRAORDINARY RELIEF IN THE NATURE OF A
WRIT OF MANDAMUS AND WRIT OF HABEAS CORPUS
--------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

Petitioner, Sergeant Thomas Adams, asks this court to issue a writ of mandamus and a writ of habeas corpus directing that his ongoing court-martial terminate and that he be released from pretrial confinement.  Petitioner asserts that further prosecution is barred by the Double Jeopardy Clause.  Petitioner also asserts that the court-martial lacks jurisdiction over the charges.

With respect to petitioner's Double Jeopardy Clause claim we find petitioner has failed to show there is no other adequate means to attain relief as petitioner did not raise this issue with the trial court.  With regards to petitioner's jurisdiction claim we find that petitioner has not shown the right to issuance of the writ is clear and indisputable.  Accordingly, the petition for extraordinary relief is denied.

---

[1] In our 30 November 2017 order we afforded the government the opportunity to file a response to any defense filing if they deemed it necessary.  Having determined petitioner has failed to meet his burden for extraordinary relief we see no reason to await a government response.

**THIS COURT'S JURISDICTION OVER THE PETITION**

While this court has jurisdiction to issue writs under the All Writs Act, 28 U.S.C. § 1651, we exercise this authority "in strict compliance with [the] authorizing statutes." *Ctr. For Constitutional Rights (CCR) v. United States*, 72 M.J. 126, 128 (C.A.A.F. 2013). Our jurisdiction to issue the requested writ is limited to our subject-matter jurisdiction over the case or controversy. *See United States v. Denedo*, 556 U.S. 904, 911 (2009); *See generally* UCMJ art. 66. "To establish subject-matter jurisdiction, the harm alleged must have had 'the potential to directly affect the findings and sentence.'" *LRM v. Kastenberg*, 72 M.J. 364, 368 (C.A.A.F. 2013) (quoting *CCR*, 72 M.J. at 129).

In this case petitioner alleges that further prosecution is prohibited by the Double Jeopardy Clause or that the court-martial lacks jurisdiction to try him for the charges currently pending at the court-martial. If either issue has merit, then any relief would directly affect the findings and sentence. Accordingly, we find we have writ-jurisdiction to consider the petition.

**BACKGROUND**

On 18 September 2012, petitioner was charged with numerous child sex offenses and child pornography offenses. A general court-martial convicted appellant of all but a few of the charges and sentenced him to be confined for life (with eligibility for parole). On 25 February 2014 the convening authority approved the findings and sentence. We will refer to these charges as the "2012 charges."

This court set aside the court-martial's findings and sentence due to "Hills" instructional error. *United States v. Adams*, ARMY 20130693, 2017 CCA LEXIS 6 (Army Ct. Crim. App. 6 Jan. 2017) (mem. op.); s*ee generally United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016). We stated that a "rehearing may be ordered by the same or a different convening authority." *Id*. at *8.

On 11 May 2017 the United States preferred a second charge sheet alleging substantively the same charges against appellant. On 3 August 2017 the government preferred an additional charge. We will refer to these charges as the "2017 charges."

Thus, by August 2017, appellant was facing both the 2012 charges and the 2017 charges. A comparison of the two sets of charges revealed three categories or "sets" of specifications: First, some specifications were substantively identical in both charge sheets. Second, some specifications differed only in that the 2017 charge sheet amended the time period where the offense was committed. Third, some new specifications were preferred in 2017.

A second Article 32, UCMJ, hearing was directed to consider all of the charges. Petitioner does not allege any defect in the conduct of the preliminary

2

hearing. Both the 2012 and 2017 charges were then forwarded to the convening authority.

On the advice of the acting staff judge advocate, the convening authority dismissed "without prejudice" the 2012 charges and referred the 2017 charges to a general court-martial.

At trial, petitioner moved to dismiss the 2017 charges for lack of jurisdiction. Appellant asserted that the convening authority had exceeded the mandate of this court's remand. The military judge denied the motion and this writ-petition followed.

## LAW AND DISCUSSION

To prevail on his writ of mandamus, petitioner must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances. *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004).

### A. Double Jeopardy

Petitioner asks this court to issue a writ providing him relief because his further prosecution is barred by double jeopardy principles. U.S. Const. amend. V, cl. 2; UCMJ art. 44. From the record submitted by petitioner for our consideration, it does not appear that petitioner moved the trial court to dismiss the charges on double jeopardy grounds or that the military judge has made any ruling on double jeopardy.

As the military judge has not ruled on a motion to dismiss because the "accused has previously been tried by court-martial or federal civilian court for the same offense," petitioner has not demonstrated that the issuance of a writ is necessary or there is no other adequate means to attain relief.[2] R.C.M. 907(b)(2)(C).

---

[2] Under R.C.M. 907(b)(2) a motion to dismiss based on double jeopardy is a "[w]aivable ground" for dismissal and may be made at any time "before the final adjournment of the court-martial." Thus, our denial of the writ petition on this ground does not bar petitioner from seeking redress from the military judge. We express no opinion regarding the merits of petitioner's double jeopardy claim.

*B. What is the jurisdictional scope on remand when this Court authorizes a "rehearing?"*

As we understand the facts presented, after we authorized a rehearing, the government elected to re-prefer the charges against petitioner rather than refer the existing charges to a court-martial. In doing so the government also added additional charges and made changes (by amending the date range) to some offenses.

Appellant has not raised, and therefore we do not address, issues of speedy trial or statute of limitations.[3] The question is whether the court-martial has jurisdiction to try appellant for the 2017 charges.[4]

In other words, the petition asks this court to determine whether the government has exceeded the scope of our remand. Put yet another way, we are asked to interpret the meaning of our own opinion when we authorized a rehearing.

In *United States v. Carter*, 76 M.J. 293 (C.A.A.F. 2017), our superior court addressed a related issue. In *Carter* our sister court in the Air Force set aside the findings in the case and remanded the case to the convening authority *without* authorizing a rehearing. *Id.* at 294. Nonetheless, the convening authority sent the case to be retried. *Id.* at 295. On appeal, both the Air Force Court and the CAAF found that the convening authority had exceeded his authority. *Id.* at 295-96.

The CAAF stated that "[i]t is well established that in a case subject to review under Article 66, UCMJ, a convening authority 'loses jurisdiction of the case once he has published his action or has officially notified the accused' of that action." *Id.* at 295 (quoting *United States v. Montesinos*, 28 M.J. 38, 42 (C.M.A. 1989)). More specifically, the "convening authority ventured beyond the scope of the remand by ordering a rehearing where no rehearing was provided for in the remand order." *Id.* at 296.

This case is different as we did authorize a rehearing. Thus, the convening authority had jurisdiction over the offenses when we remanded the case. Appellant argues, however, that the convening authority lost jurisdiction over the "rehearing" when he dismissed the 2012 charges. Appellant further argues that there was no lawful basis to re-prefer charges or conduct a new Article 32 hearing. Thus, argues

---

[3] Nor do we have a sufficient record on appeal to determine whether any of these issues would be meritorious.

[4] The military judge's ruling was extensive and included the facts necessary for us to consider the petition on this ground. Petitioner does not allege that the military judge's factual findings are erroneous and we therefore adopt them.

appellant, as the 2012 charges were dismissed and the 2017 charges are unauthorized, "SGT Adams should be released from confinement as there are no other charges pending against him."

To prevail on a writ of mandamus or habeas corpus, petitioner must show that "the right to issuance of the writ is clear and indisputable." *Cheney*, 542 U.S. at 380. We conclude that petitioner has fallen short in demonstrating that the military judge has clearly and indisputably erred.

At trial, the military judge posed the question of whether the referral of the 2017 charges constituted a "rehearing," an "other trial," or were "just a trial." *See generally* R.C.M. 810. In context, we understand the military judge's reference to "just a trial" to mean a court-martial that is independent of the original trial.

If the referral of the 2017 charges were "just a trial" this could present certain issues. First, any ambiguity in whether appellant could argue that he is entitled to full pay and allowances at a restored grade pending trial would be resolved in appellant's favor if this were not a rehearing. *Compare Howell v. United States*, 75 M.J. 386 (C.A.A.F. 2016) with *Dock v. United States*, 46 F.3d 1083 (Fed. Cir. 1995) and *Combs v. United States*, 50 Fed. Cl. 592 (Fed. Cl. 2001). Second, if this case is not a "rehearing" the government could claim that the sentence limitations imposed at a rehearing do not apply. *See* UCMJ art. 63; R.C.M. 810(d). However, petitioner has not asserted the former and the government specifically denied the latter. Neither party asserted at trial that the court-martial is an "other trial" or "just a trial."

Thus, we must decide whether a convening authority, when authorized to conduct a rehearing, may dismiss charges and refer new charges to a court-martial. Petitioner's burden is to show that it is clear and indisputable that a convening authority may not do so. Petitioner has not met this burden.

First, petitioner does not dispute that the convening authority may dismiss charges when a case has been remanded and a rehearing has been authorized. Indeed, the writ petition depends on the convening authority having such discretion.

Second, it appears the rules for courts-martial specifically envision new charges at a rehearing. R.C.M. 810(a)(3) reads as follows:

> *Combined rehearings.* When a rehearing on sentence is combined with a trial on the merits of one or more specifications referred to the court-martial *whether or not such specifications are being tried for the first time or reheard,* the trial will proceed on the merits. . . .

(emphasis added).  Likewise, subsection (d) contemplates a sentence limitation at rehearings based on "new charges":

> When a rehearing or sentencing is combined with a trial
> on new charges, the maximum punishment that may be
> approved by the convening authority shall be . . . .

R.C.M. 810(d).

Third, case law supports the referral of new charges with old charges.  The "addition of charges in connection with a rehearing does not seem inconsistent with the literal wording of Article 63(b) of the Code, 10 U.S.C. § 863(b)." *United States v. Cook*, 12 M.J. 448, 455 (C.M.A. 1982).  In *United States v. Von Bergen*, 67 M.J. 290 (C.A.A.F. 2009), the court addressed whether after a rehearing was ordered, an amendment to a charge required a new Article 32, UCMJ, proceeding.  The court did not see the issue as one of jurisdiction.

Finally, it is not pragmatically feasible or desirable for this court to do more than authorize a rehearing when remanding a case to the convening authority.  For example, it is not our practice to specifically authorize the modification of charges or suggest the preferral of new charges when authorizing a rehearing.  These clearly are matters of prosecutorial discretion.  Authorizing such actions would require us to weigh the strength of the evidence, the severity of the offense, the expense of a rehearing, the availability of witnesses, trial tactics, and perhaps the effect of an appellant's alleged crimes on the morale and discipline of a unit.  Not only is this not our proper role, but we also lack the information necessary to weigh these considerations.

Petitioner asserts that "[b]ecause the [2012] charges considered by [this Court] remained valid, including the original Article 32 hearing, there was no lawful basis to re-prefer charges or conduct a new Article 32 hearing."  Petitioner's analysis, however, flips the burden.  The burden is on petitioner to show that it is clear and indisputable that a convening authority may not do what the government has done.

In general, when we authorize a rehearing on findings we see that action as returning jurisdiction of the offenses to the convening authority, in a status equivalent to pre-referral, where the convening authority may exercise a range of lawful options consistent with the exercise of prosecutorial discretion.  While *Carter* reiterated that "even when acting on remand, a convening authority may still only take action 'that conforms to the limitations and conditions prescribed by the remand,'" unlike the facts of *Carter*, here we authorized a rehearing conferring on convening authorities all of the powers they otherwise would have possessed, to include authorization to dismiss and re-prefer charges. 76 M.J. at 296.

In *Howell* a four judge majority quoted favorably the idea that a rehearing returns the parties to the status quo ante.

> Historically, we have found that after a new trial is ordered, no vestiges of the former court-martial should linger, as:
>
> "An order granting a new trial reopens the whole case, which then stands for trial de novo, and places the accused in the same position as if no trial had been had."  24 CJS, Criminal Law, § 1511.  As stated in *Salisbury v. Grimes*, 223 Ga 776, 158 S.E.2d 412 (1967), the grant of a new trial "wiped the slate clean as if no previous conviction and sentence had existed."  *See also Manor v. Barry*, 62 Ariz 122, 154 P.2d 374 (1944), and 39 Am Jur, New Trial, § 204, wherein it is declared:
>
> "An order directing a new trial has the effect of vacating the proceedings and leaving the case as though no trial had been had."

*Howell v. United States*, 75 M.J. 386, 392 (C.A.A.F. 2016) (quoting at length *Johnson v. United States*, 19 U.S.C.M.A. 407, 408, 42 C.M.R. 9, 10 (1970)). Although the quoted language above uses the term "new trial," *Howell* was a case involving a rehearing.

Thus, when we authorize a rehearing we see our decision as returning the case to the convening authority who, subject to rules governing speedy trial, double jeopardy, unreasonable multiplication of charges, and other rules, may take any lawful action regarding the offenses.[5]  Dismissal and amendment of charges are among such lawful actions.  While "[a] rehearing is a continuation of the former proceeding,"[6] that does not make the charges immutable or cause us to construe them

---

[5] Our discussion here is limited to when we authorize a rehearing on findings on all specifications.  When we affirm some specifications and allow for a rehearing on other specifications we have not returned jurisdiction over the affirmed specifications to the convening authority. Additional considerations also apply when we authorize a rehearing only on sentence.

[6] *United States v. Beatty*, 25 M.J. 311, 314 (C.M.A. 1987) (quoting Uniform Code of Military Justice: Hearings on H.R. 2498 Before a Subcomm. of the House Comm. on Armed Services, 81st Cong., 1st Sess. 1180 (1949)).

as having been carved into granite. *See Von Bergen*, 67 M.J. at 291 (On remand from CAAF an appellant received a rehearing on an amended specification and, as stated above, the Court did not view the issue as one of jurisdiction but rather whether a new Article 32, UCMJ, hearing should have been granted).

We therefore see no rule that clearly and indisputably precludes the government's action here. While it may have been unnecessary for the government to prefer charges in 2017 that were nearly identical to the charges in 2012, petitioner does not claim any particularized prejudice from the government's action. For example, had the government made pre-referral amendments to the 2012 charges, preferred new charges, and referred the combined charges to a court-martial (with or without a new preliminary hearing as may have been necessary) it would appear the parties would have ended up in the exact same place as they are now.[7]

## CONCLUSION

The petition for extraordinary relief in the nature of a writ of mandamus and writ of habeas corpus is DENIED.

Judge SALUSSOLIA and Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

CF:   JALS-DA        JALS-GA
      JALS-CCR       JALS-CCZ
      JALS-CR3       JALS-TJ
      Petitioner     Respondent
      Civilian Counsel

---

[7] In *United States v. McFarlin*, 24 M.J. 631 (A.C.M.R. 1987) we described the re-preferral of already existing charges pending a rehearing as "non-essential surplusage." We decided *McFarlin* in the context of deciding a speedy trial issue. We rejected the government's argument in that case that re-preferral of charges pending a rehearing reset the speedy trial clock.