# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38559 (f rev)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Christopher R. PEREZ**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon further review*

Decided 8 March 2019

———————————

*Military Judge:* Donald R. Eller, Jr. (trial); James R. Dorman (rehearing).

*Approved sentence:* On remand the convening authority withdrew and dismissed the charge and its four specifications after arraignment.

*For Appellant:* Major Meghan R. Glines-Barney, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before HUYGEN, MINK, and POSCH, *Appellate Military Judges.*

Senior Judge HUYGEN delivered the opinion of the court, in which Judge MINK and Judge POSCH joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

HUYGEN, Senior Judge:

After review under Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866, the court affirmed the findings of guilty of the charge (here-

inafter Charge II) and its Specification 4, set aside the findings of guilty of Specifications 1 through 3 of Charge II and the sentence, returned Appellant's case to The Judge Advocate General for remand to the convening authority, and authorized a rehearing. At the rehearing, Appellant was arraigned on Charge II and its Specifications 1 through 3 but deferred entry of pleas. The charge and all four specifications were later withdrawn and dismissed by the convening authority. The case was returned to the court for further review.

Appellant did not submit any assignment of error but instead filed a motion to withdraw his case from appellate review pursuant to Article 61, UCMJ, 10 U.S.C. § 861. Without acting on the motion, we specified the following issue to be briefed by Appellant and Appellee:

> WHETHER THE CONVENING AUTHORITY HAD THE AUTHORITY PURSUANT TO RULE FOR COURTS-MARTIAL 1107(e)(2) OR OTHER APPLICABLE LEGAL AUTHORITY TO DISAPPROVE AN AFFIRMED FINDING OF GUILTY AND DISMISS SPECIFICATION 4 OF CHARGE II AND, IF NOT, WHETHER APPELLANT'S CASE SHOULD BE REMANDED TO THE CONVENING AUTHORITY FOR FURTHER ACTION.[1]

For the reasons below, we deny Appellant's motion to withdraw from appellate review and conclude that the convening authority exceeded the scope of our remand and did not have the authority to withdraw and dismiss Specification 4 of Charge II and Charge II. Instead of again remanding Appellant's case, we dismiss the charge and its specifications.

## I. BACKGROUND

Appellant was originally tried in 2013 for three specifications of negligent dereliction of duty, three specifications of child endangerment, and one speci-

---

[1] The specified issue reflects the Manual for Courts-Martial, United States (2016 ed.) (2016 *MCM*) and the version of Rule for Courts-Martial (R.C.M.) 1107 in effect at the time of the convening authority's action to withdraw and dismiss the charge and its specifications in 2017, not the 2012 *MCM* and the version of R.C.M. 1107 in effect at the time of the court's remand in 2015. Although the rule's subparagraph numbering and lettering changed between the 2012 and 2016 *MCM*, its substantive provisions did not. Other than in the specified issue and as noted, this opinion's references to R.C.M. 1107 are to the version in the 2012 *MCM*. However, this opinion's references to UCMJ articles are to the version of the UCMJ in the 2016 *MCM*.

fication of adultery, in violation of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892, 934. He pleaded not guilty to the charges and specifications, was found not guilty of negligent dereliction of duty (Charge I, Specifications 1 through 3), but was convicted of child endangerment (Charge II, Specifications 1 through 3) and adultery (Charge II, Specification 4). He was sentenced to a dishonorable discharge, three years of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

On appeal, Appellant raised nine issues, and the court specified an additional issue. *United States v. Perez*, No. ACM 38559, 2015 CCA LEXIS 327, at *2 (A.F. Ct. Crim. App. 12 Aug. 2015) (unpub. op.). The court decided Appellant's case on the specified issue, affirmed his conviction of Charge II and its Specification 4, and set aside his conviction of Specifications 1 through 3 of Charge II and the sentence. *Id.* at *2, 14. Now at issue, the decretal paragraph of the court's opinion ended as follows:

> The record is returned to The Judge Advocate General for remand to the convening authority who may order a rehearing on Charge II, Specifications 1 through 3, and the sentence or take other discretionary action under R.C.M. 1107(e)(1)(B). Upon completion of the convening authority's subsequent action, the case shall be returned to this court for further review. *United States v. Johnson*, 45 M.J. 88, 89–90 (C.A.A.F. 1996).

*Id.* at *14–15.

In 2015, the convening authority re-referred the set-aside charge and three specifications of child endangerment to trial by court-martial with the intent that, after findings, Appellant would be sentenced for the affirmed adultery conviction and any conviction for child endangerment. Appellant was arraigned but deferred entry of pleas.

In 2017, after multiple attempts by the convening authority to retry Appellant for child endangerment, Appellant submitted a request for administrative discharge in lieu of trial by court-martial. The convening authority approved the request, and Appellant was discharged with an under other than honorable conditions characterization after he received nonjudicial punishment for the offenses of child endangerment and adultery pursuant to Article 15, UCMJ, 10 U.S.C. § 815. By order dated 2 September 2017, the convening authority withdrew and dismissed Charge II and its three specifications for child endangerment as well as its fourth specification for adultery, which had been affirmed by this court.

## II. DISCUSSION

### A. Withdrawal from Appellate Review

The United States Court of Appeals for the Armed Forces (CAAF) articulated in *United States v. Johnson* that, once appellate jurisdiction attaches in a court-martial, such as by virtue of the severity of the approved sentence, "the case then moves along a 'time-line' or statutory track, forward but sometimes backward, until, at some point, a decision becomes final, and no further appeal is available or necessary. . . . At no time prior to that point [of finality] does a case *fall off* this track." 45 M.J. at 89–90 (citation omitted). As a result, even though Johnson was sentenced to no punishment at the rehearing of his case and such a sentence at an original hearing would not have led to appellate review under Article 66, UCMJ, the Army Court of Criminal Appeals (ACCA) did not lose "continuing appellate jurisdiction" under Article 66, UCMJ, to review the case. *Id.* at 89.

Article 61, UCMJ, allows an appellant to withdraw at any time from appellate review under Article 66, UCMJ, except in a case with an approved sentence that includes death. 10 U.S.C. § 861. If Appellant had been retried and resentenced, we would agree with Appellant and Appellee that Article 61(b), UCMJ, and Appellant's motion to withdraw from appellate review would stop our further review. But Appellant was not retried or resentenced and his motion to withdraw from appellate review does not stop our review of the action taken pursuant to our remand.

In *United States v. Montesinos*, 28 M.J. 38, 40 (C.M.A. 1989), the appellant was tried and sentenced by a special court-martial. The findings and sentence were affirmed by the Army Court of Military Review (ACMR), the ACCA's predecessor. *Id.* After a remand by the Court of Military Appeals, the CAAF's predecessor, the ACMR remanded the case for a "limited evidentiary hearing" after which the case "will be returned to this court." *Id.* (citation omitted). The ACMR also specified in its remand that, if a hearing was impracticable, the convening authority could order a rehearing on sentence. *Id.* (citation omitted). An evidentiary hearing was deemed impracticable and a sentence rehearing ordered. *Id.* Montesinos then requested administrative discharge for the good of the service. *Id.* The convening authority approved the request, deemed the sentence rehearing impracticable, dismissed the charges, and set aside the previously affirmed findings of guilt as well as the sentence. *Id.* at 40–41. When the case was returned to the ACMR, the appellant moved to withdraw from appellate review, which motion the ACMR denied. *Id.* at 41.

*Montesinos* is most often cited for its holding on the scope of an appellate court's remand, and we do so below. However, we cite it here for the proposi-

tion that a withdrawal from appellate review has no effect on judicial action that has already been taken. *Id.* at 46. Thus, Appellant's 2017 motion to withdraw from appellate review does not affect this court's 2015 review and remand. "Furthermore, if the convening authority took action which exceeded the scope of the remand, subsequent withdrawal of the accused's appeal would not affect [our] authority . . . to set aside the *ultra vires* action of the convening authority in order to protect the integrity of the judicial process." *Id.* Correspondingly, we deny Appellant's motion to withdraw from appellate review and next address the convening authority's action of withdrawal and dismissal of Charge II and its Specification 4.

**B. Scope of Remand**

The *Montesinos* opinion articulated that, in a case subject to Article 66, UCMJ, review, "the convening authority loses jurisdiction of the case once he has published his action . . . and from that point on, jurisdiction is in the [appellate court]. The only further contact that the convening authority has with the case occurs in the event of a remand . . . ." *Id.* at 42. As in *Montesinos*, initial appellate review of Appellant's case resulted in a remand. *Perez*, unpub. op. at *15. The remand in Appellant's case contained three specific provisions: (1) the convening authority could order a rehearing on Specifications 1 through 3 of Charge II and the sentence or (2) the convening authority could take other discretionary action under R.C.M. 1107(e)(1)(B), and then (3) the case would be returned to this court for further review. *Id.* This opinion is predicated on the review that occurred when provision (3) was satisfied.

Our 2015 remand framed provisions (1) and (2) as alternatives: the convening authority could either order a rehearing on the findings and sentence or take action under R.C.M. 1107(e)(1)(B). *See id.* Because those were the only two options specified in the remand, they were the only two options available to the convening authority. *See Montesinos*, 28 M.J. at 44 ("If [the CAAF] remands a case to [a court of criminal appeals (CCA)], that court can only take action that conforms to the limitations and conditions prescribed by the remand. Of course, the same principle applies when [a CCA] remands a case to a convening authority for further action." (citation omitted)).

At the time of the 2015 remand, R.C.M. 1107(e)(1)(B) described when a convening authority could order a rehearing and included, *inter alia*, the following:

> (iii) *When authorized to do so by superior competent authority.*
> If the convening authority finds a rehearing as to any offenses

impracticable, the convening authority may dismiss those specifications and, when appropriate, charges.[2]

(iv) *Sentence reassessment*. If a superior authority has approved some of the findings of guilty and has authorized a rehearing as to other offenses and the sentence, the convening authority may, unless otherwise directed, reassess the sentence based on the approved findings of guilty and dismiss the remaining charges.[3]

The convening authority in Appellant's case did in fact order and attempt several times a rehearing on Specifications 1 through 3 of Charge II, which would have ended with a rehearing on the sentence for any convicted offenses, including Specification 4 of Charge II. But, by 2017, the convening authority found impracticable a rehearing on the child endangerment offenses. The convening authority withdrew and dismissed Specifications 1 through 3, which action we find was consistent with the remand and R.C.M. 1107(e)(1)(B)(iii) and thus proper.

Conversely, we find inconsistent with the remand and thus improper the convening authority's withdrawal and dismissal of Specification 4 and Charge II. R.C.M. 1107(e)(1)(B)(iii) provides a solution of dismissal when the problem is an impracticable rehearing on offenses, which was the case for Specifications 1 through 3. R.C.M. 1107(e)(1)(B)(iv) provides the solution when the problem involves findings of guilty already approved by a superior authority, which was the case for Specification 4. Because this court had already affirmed Appellant's conviction for adultery, or Specification 4 of Charge II, the convening authority could not dismiss the specification and charge. *See Montesinos*, 28 M.J. at 44. Instead, the convening authority could only reassess the sentence, although he could have reassessed a sentence of no punishment had he wished to minimize the impact of the adultery conviction on Appellant. By dismissing Specification 4 and Charge II, the convening authority "ventured beyond the scope of the remand" and acted improperly. *See United States v. Carter*, 76 M.J. 293, 296 (C.A.A.F. 2017) (citation omitted) (affirming this court's set aside and dismissal of the reheard charge and

---

[2] "The convening authority may not take any actions inconsistent with directives of superior competent authority. Where that directive is unclear, appropriate clarification should be sought from the authority issuing the original directive." R.C.M. 1107(e)(1)(B)(iii), Discussion.

[3] As noted previously, this language is now found in R.C.M. 1107(e)(2)(B)(ii)–(iii) (2016 *MCM*).

specifications after the convening authority conducted a rehearing not authorized by the court's previous remand wherein the court also dismissed the charges). Therefore, we conclude the convening authority's action to withdraw and dismiss Specification 4 and Charge II was void and we set it aside.

**C. Remedy**

Having found that the convening authority's action exceeded the scope of our remand, we are left to consider the appropriate remedy for the unique dilemma created by the convening authority's *ultra vires* action in Appellant's case. We conclude that the appropriate remedy for the legal error is to set aside the finding of guilty for Specification 4 of Charge II.

We first acknowledge that a possible solution is another remand, but we recognize that this solution would also require significant time and operate to the detriment of Appellant. We therefore decline to "protract the case further by remanding again." *See Montesinos*, 28 M.J. at 47. We next acknowledge that we could reassess a sentence, even a sentence of no punishment, for the previously affirmed finding. Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2016); *see Montesinos*, 28 M.J. at 40, 47 (affirming the ACMR's sentence of no punishment as appropriate for affirmed findings of guilt for stealing $1,900 worth of personal property). We decline to do so.

The law of this case includes the finding of guilt of Specification 4 that was found to be correct in law and fact and thus affirmed. In *United States v. Ruppel*, the CAAF defined the doctrine of law-of-the-case: "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." 49 M.J. 247, 253 (C.A.A.F. 1998) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). There are two reasons why the doctrine does not determine the outcome of Appellant's case.

First, we are neither revisiting the issue of legal and factual sufficiency of Specification 4 nor making a contrary finding, i.e., that the approved finding of guilt was not correct in law and fact. Instead, we are considering Appellant's case in light of the circumstances that have changed since our previous determination of legal and factual sufficiency. Moreover, we are assessing a different issue—whether the convening authority exceeded the scope of our remand—and finding legal error therein.

Second, the law-of-the-case doctrine does not require a result of manifest injustice. *See, e.g., United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) ("[T]he law-of-the-case doctrine does not preclude this Court from examining the legal ruling of a subordinate court . . . . However, we are reluctant to exercise this power and, as a rule, reserve it for those cases where the lower court's decision is 'clearly erroneous and would work a manifest injustice' if the parties were bound by it." (citation omitted)). Unlike the CAAF in *Doss*,

we are not examining the ruling of a subordinate court. Moreover, we are not finding error in our previous determination of legal and factual sufficiency. However, we are finding legal error in the convening authority's action post-remand and cannot ignore the manifest injustice that would result if we applied the law-of-the-case doctrine to leave undisturbed not only our previous determination of legal and factual sufficiency but also the resulting affirmance.

In devising the remedy to the legal error, we readily accept that we "may not decide a case on equitable grounds." *United States v. Nerad*, 69 M.J. 138, 144 (C.A.A.F. 2010) (citing *United States v. Waymire*, 26 C.M.R. 32, 34–35 (1958)). We also freely admit that we do not base our decision on any assessment of the nature, seriousness, or criminality of adultery, the offense charged in Specification 4. Adultery is clearly proscribed by Article 134, UCMJ, and we do not disagree that it should be criminal, *see Nerad*, 69 M.J. at 147, or that it should have been charged in Appellant's case. In other words, we do not believe we have unfettered discretion to disapprove a finding, especially one that we have previously found to be correct in law and fact. Our decision to remedy by set-aside is based not on equity but on legal error and the very particular facts and circumstances of Appellant's case after remand.

"Article 66(c), UCMJ, empowers [us] to 'do justice,' with reference to some legal standard, but does not grant [us] the ability to 'grant mercy.'" *Id*. at 146 (quoting *United States v. Boone*, 49 M.J. 187, 192 (C.A.A.F. 1998)). Pursuant to Article 66(c), UCMJ, when we review a case, we "review the entire record and approve only that which 'should be approved.'" *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016) (quoting Article 66(c), UCMJ, 10 U.S.C. §866 (c) (2016)) (affirming this court's decision to disapprove and merge specifications despite the appellant's waiver of the issue at trial because the decision was based on a legal standard and within the limitations of Article 66(c), UCMJ, review).

Above, we identified the legal standard to assess the scope of remand and the legal error of the convening authority's action, which exceeded the scope of our remand. But after our remand, Appellant reasonably relied on the convening authority's belief that he could withdraw and dismiss Charge II and all four of its specifications. Consequently, Appellant accepted nonjudicial punishment for child endangerment and adultery and an administrative discharge with the worst possible characterization. Thus, we now exercise our authority under Article 66(c), UCMJ, to review the entire record, including the post-remand record, and determine that the finding of guilt for Specification 4 and Charge II should be not approved but set aside. To do otherwise would result in manifest injustice.

### III. CONCLUSION

Appellant's motion to withdraw from appellate review is **DENIED**. The convening authority having already withdrawn and dismissed Specifications 1 through 3, the findings of guilt of Specification 4 of Charge II and Charge II are **SET ASIDE** and **DISMISSED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court