# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM S32509 (f rev)** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Andrew S. CALLOWAY** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Special Panel** |

A special court-martial composed of a military judge alone convicted Appellant, in accordance with his pleas, of one specification of wrongful use of cocaine on divers occasions and one specification of wrongful use of 3,4-methylenedioxymethamphetamine in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[*] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 30 days, hard labor without confinement for 30 days, reduction to the grade of E-2, and a reprimand. The convening authority approved the sentence with the exception of hard labor without confinement.

Upon this court's initial review, we excepted, set aside, and dismissed with prejudice certain language from Specification 1 of the Charge; substituted other language therefor; set aside the sentence; and authorized a rehearing on the sentence. *United States v. Calloway*, No. ACM S32509, 2019 CCA LEXIS 400, at *44 (A.F. Ct. Crim. App. 11 Oct. 2019) (unpub. op.).

On remand, the convening authority issued an order dated 4 May 2020 which stated, in pertinent part:

> [U]pon appellate review, the Air Force Court of Criminal Appeals set aside and dismissed with prejudice the words "on divers occasions" in Specification 1 of the Charge, set aside the sentence, and authorized a Rehearing. The Rehearing is found to be impracticable. *The findings of guilty as promulgated in Special Court-Martial Order No. 6, Headquarters 49th Wing (ACC) dated 14 March 2018, are approved* and I hereby *impose* a sentence of no punishment. All rights, privileges, and proper-

---

[*] All references in this order to the UCMJ, Rules for Courts-Martial, and Military Rules of Evidence are to the *Manual for Courts-Martial, United States* (2016 ed.).

> ty [of] which the accused has been deprived by virtue of the
> sentence, as modified, will be restored.

(Emphasis added). The record of trial was redocketed with this court on 29 May 2020. The original record of trial in the possession of the court does not contain a court-martial order promulgating the convening authority's action dated 4 May 2020. On 22 February 2021, after obtaining seven enlargements of time, Appellant's counsel submitted this case for review by this court on its merits without additional assignments of error.

On 1 June 2021, this court issued an order to the Government to show good cause as to why this court should not return the record of trial to the convening authority for a corrected action and court-martial order. On 16 June 2021, the Government submitted its answer to the show cause order. The Government acknowledged that this court's remand did not authorize the convening authority to take any action with respect to findings, and therefore the language in the 4 May 2020 action purporting to approve the original findings as reflected in the 14 March 2018 court-martial order was "ineffectual." The Government further acknowledged that, with respect to the sentence, convening authorities are authorized to "approve" sentences but not to "impose" them; imposing a sentence is the role of the court-martial. However, counsel for the Government requested that this court simply affirm the findings as previously modified by this court and "the sentence of no punishment."

"Action on the sentence of a court-martial shall be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A). "[T]he convening authority or another person authorized to act under this section may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening authority is required to take action on the sentence. R.C.M. 1107(d)(1), (2); *see United States v. Wilson*, 65 M.J. 140, 141 (C.A.A.F. 2007). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

On remand by a Court of Criminal Appeals, "a convening authority may . . . only take action 'that conforms to the limitations and conditions prescribed by the remand.'" *United States v. Carter*, 76 M.J. 293, 296 (C.A.A.F. 2017) (quoting *United States v. Montesinos*, 28 M.J. 38, 44 (C.M.A. 1989)); *cf. United States v. Stanton*, No. ACM 39161 (reh), 2019 CCA LEXIS 306, at *9–10 (A.F. Ct. Crim. App. 16 Jul. 2019), *aff'd*, 80 M.J. 415 (C.A.A.F. 2021) (explaining that the convening authority had "no lawful power" to change the findings affirmed by the Court of Criminal Appeals). When a Court of Criminal Appeals authorizes a rehearing on a sentence, "[i]f the convening authority determines a rehearing on the sentence is impracticable, the convening

authority may *approve* a sentence of no punishment without conducting a rehearing." R.C.M. 1107(e)(2)(C)(iii) (emphasis added).

"In a case referred to it, the Court of Criminal Appeals may act only with respect to the findings and sentence as *approved* by the convening authority." 10 U.S.C. § 866(c) (emphasis added).

We agree with the Government that the convening authority's action dated 4 May 2020 is erroneous in that it purports to "impose" rather than "approve" a sentence of no punishment. We further agree the action erroneously purports to approve the original findings reflected in the 14 March 2018 court-martial order, despite the fact that this court explicitly modified those findings with respect to Specification 1 of the Charge, to include setting aside and dismissing certain language with prejudice. Furthermore, a new court-martial order is required. *See* R.C.M. 1114; Air Force Instruction 51-201, *Administration of Military Justice*, Attachment 12 (18 Jan. 2019, as amended by AFGM 2020-01, 8 Apr. 2020). We decline the Government's recommendation to approve the findings as previously modified and a sentence of no punishment in spite of the errors. The new action, coupled with the absence of a new court-martial order that correctly reflects the results of the court-martial, is not only erroneous and *ultra vires*, but confusing and misleading. We find remand for corrective action appropriate.

Accordingly, it is by the court on this 10th day of August, 2021,

**ORDERED:**

The record of trial is returned to The Judge Advocate General for remand to the convening authority for correction of the convening authority's action dated 4 May 2020 and issuance of a new promulgating court-martial order. Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court